UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLOW STEVENS,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:24-cv-220

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.

Section 405(g) limits the Court to a review of the administrative record and provides that, if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it is not supported by substantial evidence.

Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human*

*Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards and whether there exists in the record substantial evidence supporting the decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). Fact finding is the Commissioner's province, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In applying this standard, a court must consider the evidence as a whole, while accounting for any evidence that fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). The substantial evidence standard contemplates a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords the administrative decision maker considerable latitude and precludes reversal simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed an application for DIB on August 2, 2021, and an application for SSI on February 7, 2022, alleging in both applications that she became disabled as of August 16, 1984, due to anxiety, depression, and joint dislocation. (PageID.96, 111, 258–69.) Plaintiff was 36 years old when she filed her DIB application. (PageID.96.) Plaintiff subsequently amended her alleged

onset date to February 12, 2019. (PageID.58–59.) Plaintiff had completed two years of college. (PageID.307.) She had no past relevant work. (PageID.36.) Plaintiff's application was denied initially and on reconsideration, and she requested a hearing before an Administrative Law Judge (ALJ).

On April 10, 2023, ALJ David Read held a telephone hearing and received testimony from Plaintiff and impartial vocational expert (VE) Heather Benton. (PageID.54–89.) On April 28, 2023, ALJ Read issued a written decision finding that Plaintiff was not disabled from her amended alleged onset date through the date of decision. (PageID.25–38.) The Appeals Council denied Plaintiff's request for review on January 4, 2024. (PageID.16–18.) ALJ Read's ruling thus became the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432,434 (6th Cir. 2007). Plaintiff timely initiated this civil action for judicial review on March 4, 2024.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff met the insured status requirements of the Act through March 31, 2025, and had not engaged in substantial gainful activity since her amended alleged onset date of February 12, 2019, the ALJ found that Plaintiff suffered from severe impairments of Ehlers Danlos Syndrome; degenerative disc disease of the cervical and lumbar spine; history of open reduction internal fixation of the left wrist; anxiety; depression; attention deficit hyperactivity disorder; and cannabis abuse. (PageID.27–28.) The ALJ found that Plaintiff's prolapse, migraines, and vision loss were non-severe impairments, as they did not result in significant or disabling

---

must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

symptoms or limitations in functioning. (PageID.28.) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.28–31.)

The ALJ then found that Plaintiff retained the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except:

> [S]he can lift 10 pounds occasionally and less than 10 pounds frequently. She can sit for 6 hours and stand for 2 hours. She requires the use of a cane or single crutch with prolonged standing or walking. She can walk for 2 hours-again requiring the use of a cane or single crutch with prolonged standing or walking. She can push/pull within lifting and carrying restrictions. She can handle and finger items frequently with the left hand. She can climb ramps and stairs occasionally and never climb ladders, ropes, or scaffolds. She can balance occasionally. She can stoop, kneel, crouch, and crawl occasionally. She can never work at unprotected heights. She can have occasional exposure to humidity and wetness. She is able to perform simple, routine, and repetitive tasks but not at a production rate pace (e.g. assembly line work).

(PageID.31.)

At step four, the ALJ determined that Plaintiff had no past relevant work (PageID.36), at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy that Plaintiff could perform. *See Richardson*, 735 F.2d at 964. Based on testimony from the VE, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the jobs of Office Clerk, Information Clerk, and Interviewer, approximately 165,000 of which existed in the national economy. (PageID.46–47.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Therefore, the ALJ concluded that Plaintiff was not disabled.

## **DISCUSSION**

Plaintiff raises one issue in her appeal: the ALJ erred in finding Plaintiff's migraine headaches non-severe and in failing to discuss the impact of Plaintiff's non-severe migraines either at step two or in the RFC analysis. (ECF No. 9 at PageID.1335.)

A "severe impairment" is defined as an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see also* 20 C.F.R. §§ 404.1522(a), 416.922(a) (defining "nonsevere impairment"). Upon determining that a claimant has one severe impairment, the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* at 244; *see also Pompa v. Comm'r of Soc. Sec.*, 73 F. App'x 801, 803 (6th Cir. 2003) ("Because the ALJ found that Pompa had a severe impairment at step two of the analysis, the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence."). Because an ALJ must consider the limiting effects of all of a claimant's impairments, SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996); *see also* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . when we assess your residual functional capacity."), the proper inquiry is whether the ALJ considered all of the Plaintiff's impairments. *See Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013). An ALJ's failure to find an additional severe impairment at step two is reversible only if the ALJ fails to "consider[ ] all of a claimant's impairments in the remaining steps of the disability determination." *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007); *see also Sheehy v. Comm'r of Soc. Sec.*, No. 1:15-cv-001, 2015 WL

6

6394780, at *4 (W.D. Mich. Oct. 21, 2015) (concluding that the ALJ's failure to consider the plaintiff's emotional impairments at step two was not harmless where the ALJ did not consider those impairments in assessing her RFC).

Here, at step two, the ALJ found that Plaintiff had several severe impairments and proceeded to the subsequent steps of the sequential analysis. However, the ALJ did not mention Plaintiff's headache symptoms in his RFC discussion. Thus, as set forth above, the issue becomes whether the ALJ complied with SSR 96-8p by considering the limiting effects of Plaintiff's migraine headaches.

The Sixth Circuit considered the requirements of SSR 96-8p in *Emard v. Commissioner of Social Security*, 953 F.3d 844 (6th Cir. 2020), in connection with the plaintiff's argument that the ALJ failed to consider the combined effects of all the plaintiff's impairments and improperly excluded his nonsevere impairments from consideration in making his RFC finding. The court found that the ALJ properly complied with SSR 96-8p, reasoning that "[a]lthough the ALJ did not specifically discuss the combined effect of Emard's impairments or mention Emard's nonsevere impairments in assessing his residual functional capacity, she stated that she had carefully considered the entire record and 'all symptoms' at this step in the process." *Id.* at 851. The court found that under its previous decision in *Gooch v. Secretary of Health & Human Services*, 833 F.2d 589 (6th Cir. 1987), "the ALJ's statements that she had considered the entire record and all of Emard's symptoms suggest that she had considered Emard's impairments in combination." *Id.* The court further pointed to the ALJ's statement in her summary of the applicable law that she was "required to comply with SSR 96-8p's mandate to 'consider all of the claimant's impairments, including impairments that are not severe,'" and observed that district courts within the Sixth Circuit have held that an ALJ need not specifically discuss all nonsevere impairments in assessing

7

a claimant's RFC when the ALJ makes clear that the decision is controlled by SSR 96-8p. *Id.* at 851–52. The court concluded that "[t]he ALJ's express reference to SSR 96-8p, along with her discussion of the functional limitations imposed by Emard's nonsevere impairments at step two of her analysis," adequately demonstrated the ALJ's compliance with SSR 96-8p. *Id.* at 852.

District courts in the Sixth Circuit applying *Emard* have distilled from the decision three markers of proper compliance with SSR 96-8p: "(1) an 'express reference to SSR 96-8p'; (2) a 'discussion of the functional limitations imposed by [the plaintiff's] nonsevere impairments at step two of [the] analysis'; and (3) a 'subsequent assurance that [the ALJ] had considered the entire record and all symptoms.'" *John S. v. Comm'r of Soc. Sec.*, No. 2:22-cv-4207, 2023 WL 6141664, at *4 (S.D. Ohio Sept. 20, 2023) (quoting *Thoenen v. Comm'r of Soc. Sec.*, No. 5:21-CV-1101, 2022 WL 3577414, at *3 (N.D. Ohio Aug. 19, 2022)); *see also Yost v. Comm'r of Soc. Sec.*, No. 1:23-CV-699, 2024 WL 1054234, at *7 (N.D. Ohio Jan. 26, 2024) (citing the factors from *Emard* as (1) a citation to SSR 96-8p; (2) the ALJ's confirmation that all of the claimant's impairments, including impairments that are not severe, were considered in crafting the RFC; and (3) a discussion at step two of the functional limitations imposed by the claimant's nonsevere impairments).

Here, in his decision, the ALJ stated that he was required to "consider all of the claimant's impairments, including impairments that are not severe (20 CFR 404.1520(e), 404.1545, 416.920(e), and 416.945; SSR 96-8p)." (PageID.27.) The ALJ also confirmed in discussing his RFC finding that he had "consider[ed] . . . the entire record," and "all symptoms." (PageID.31.) The final marker, however, is deficient. The ALJ's discussion of Plaintiff's nonsevere impairments at step two was as follows:

> The claimant also has a history of prolapse, migraines, and vision loss (B3F, B13F, B14F, for example); however, there is no evidence these impairments have resulted

8

> in significant or disabling symptoms or limitations in functioning. As such, these impairments are considered non-severe. The undersigned considered all of the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity.

(PageID.28.) Rather than discussing the functional limitations (if any) resulting from each of Plaintiff's nonsevere impairments, the ALJ simply grouped them together, cited 335 pages of medical records, and summarily concluded that there was no evidence they resulted in functional limitations. In contrast, for example, the ALJ in *Emard* separately discussed the claimant's gastrointestinal issues and his complaints of insomnia and hypersomnia, noting that the conditions were being effectively addressed through medical management and medication compliance, and no aggressive treatment had been recommended for these conditions. *Emard v. Comm'r of Soc. Sec.*, No. 1:18-cv-1113, ECF No. 7-2 at PageID.93 (W.D. Mich.).

In support of her argument, Plaintiff cites various medical records that, she contends, could support limitations resulting from her migraine headaches (PageID.542, 546, 615–17, 780–82 801, 803, 1151–52, 1159, 1234, 1237, 1244, 1246), as well as her responses to the headache questionnaire that she completed. (PageID.322–26.) This same evidence may well support a finding that no limitation is warranted, but without some minimal level of articulation by the ALJ, a reviewing court has no basis to determine whether the ALJ's conclusions are supported or not. *See Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) ("[T]he ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning.") (internal quotation marks and citation omitted). In other words, the ALJ failed to connect his conclusion to evidence. *See Gross v. Comm'r of Soc. Sec.*, 247 F. Supp. 3d 824, 829-30 (E.D. Mich. 2017) (ALJ decision must provide accurate and logical bridge between evidence and result, and must permit meaningful review). The ALJ's rather conclusory discussion does not permit meaningful appellate review.

9

In response to Plaintiff's arguments, Defendant offers reasons why the ALJ may have rejected Plaintiff's headache-related complaints or concluded that they resulted in no limitation. (ECF No. 10 at PageID.1351–54.) Similarly, Defendant points to statements and other evidence elsewhere in the ALJ's decision that could support the ALJ's finding that there was no support for headache-related limitations. (*Id.* at PageID.1355–57.)

But these *post hoc* rationalizations cannot be used to justify the ALJ's failure to follow the regulations. As noted in *Berryhill v. Shalala*, No. 92-5876, 1993 WL 361792 (6th Cir. Sept. 16, 1993), "courts may not accept appellate counsel's *post hoc* rationalizations for agency action. It is well-established that an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Id.* at *6 (quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)). In other words, it is the ALJ's job in the first instance to articulate his reasoning. *See Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 909 (E.D. Mich. 2021) (noting that "[t]he administrative adjudicator has the obligation in the first instance to show his or her work").

Accordingly, remand is warranted to allow the ALJ to fully address the limitations (or lack thereof) resulting from Plaintiff's headaches and other nonsevere impairments and to articulate his reasoning for those findings.

## **CONCLUSION**

For the foregoing reasons, I recommend that the Commissioner's decision be **reversed and remanded** for further factual findings, as set forth above, pursuant to sentence four of 42 U.S.C. § 405(g).

Dated: September 27, 2024                    /s/ Sally J. Berens
                                                                                 SALLY J. BERENS
                                                                                 U.S. Magistrate Judge

## **NOTICE**

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).