UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLOW STEVENS,

       Plaintiff,

v.

       CASE No. 1:24-cv-220

       HON. ROBERT J. JONKER

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Beren's Report and Recommendation in this matter (ECF No. 12) and Plaintiff's Objection to it (ECF No. 13). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . as a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends reversing and remanding the Commissioner's decision on the basis that the ALJ failed to connect his conclusion to the evidence, thereby preventing meaningful appellate review. The Court has reviewed de novo the claims and evidence presented

to the Magistrate Judge; the Report and Recommendation itself; and Defendant's Objection to it. After its review, the Court agrees with the Magistrate Judge and remands this matter for further proceedings.

In his decision, the ALJ discussed Plaintiff's "history of prolapse, migraines, and vision loss," but found that "there is no evidence these impairments have resulted in significant or disabling symptoms or limitations in functioning." (ECF No. 5-2, PageID.28). Therefore, the ALJ concluded, "these impairments are considered non-severe." (*Id.*). The ALJ wrote that he arrived at this conclusion after considering "all of the claimant's medically determinable impairments, including those that are not severe." (*Id.*). The Magistrate Judge found this to be an insufficient discussion of the functional limitations imposed by Plaintiff's nonsevere impairments, pointing to three markers of compliance with SSR 96-8p under *Emard v. Commissioner of Social Security*, 953 F.3d 844, 852 (6th Cir. 2020).

Defendant objects, claiming the Magistrate Judge "misinterpreted" *Emard* as "establishing a bright-line rule requiring that the ALJ discuss specific factors or markers to demonstrate that the ALJ considered a claimant's impairments in combination in formulating the RFC finding." (ECF No. 13, PageID.1378). This is not the case. The Magistrate Judge did not, in this Court's view, create a hard-and-fast test for applying *Emard*. Rather, like other district courts, the Magistrate Judge found helpful markers to make the fundamental decision of whether the ALJ considered all that SSR 96-8 requires. *See Harrington v. Saul*, No. 3:20-CV-00852-JRK, 2021 WL 3174273, at *10 (N.D. Ohio July 9, 2021) (collecting cases). A generic "I considered everything" and "I applied SSR 96-8" are fine as far as they go. But if an ALJ does not provide at least a basic

articulation of how the conclusion connects to 335 pages of records, a reviewing court cannot meaningfully evaluate the pathway of the ALJ's reasoning and whether substantial evidence supports it. On this record, the Court is unable to trace the path of the ALJ's reasoning.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 12) is **APPROVED** and **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that for the reasons discussed above, the Commissioner's decision is **REVERSED** and **REMANDED** under sentence four of 42 U.S.C. § 405(g). On remand, the Commissioner is directed to support any conclusion with reasoned discussion of the functional limitations, or lack thereof, imposed by Plaintiff's nonsevere impairments.

A separate Judgment shall issue.


Dated:     October 18, 2024              /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE